(March 13, 1962)

■ ELMBAR ASSOCIATES, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 36503.)

*Per Curiam.* This is an appeal by the State of New York from a judgment of the Court of Claims entered June 29, 1961 awarding claimant the sum of $88,250 less a partial payment of $12,000 for damages for the appropriation on July 29, 1958 in fee of certain parcels of real property located in the Village of Elmsford, Town of Greenburgh, County of Westchester. The State's appeal alleges that the award is excessive. Claimant cross-appeals on the ground of inadequacy. There were further interests in claimant's property appropriated by temporary easements in parcels 866 and 867 and a permanent easement in parcel 863. The claim arising out of the appropriation of these easements was tried with the claim herein and a separate judgment awarding damages to claimant was entered. No appeal has been taken from that judgment.

Five months prior to the appropriation herein claimant purchased the tract in question for $25,000 from the New York Central Railroad. The tract was an irregularly shaped piece consisting of 7.781 acres of low-lying marshy ground bounded on the west and north by the Saw Mill River, on the east by tracks of the New York Central Putnam Division and on the south by Route 119, known as the White Plains-Tarrytown Road. The ground level of the tract was some five to six feet on the average below the level of Route 119. The only access to the property was at the southern end onto Route 119. At this point the property was only 43 feet wide and a narrow strip thereof subject to a perpetual easement acquired by the State in 1940 to eliminate the grade crossing where the New York Central tracks crossed Route 119.

The instant appropriation was the taking of a 200-foot strip across the parcel and for the purposes of constructing the Cross-Westchester Expressway which divided the tract in two. The northerly portion consisting of approximately 1.756 acres was completely land locked and the southerly portion reduced to approximately 4.429 acres. The testimony of both the State's and claimant's experts was that the property's highest and best use prior to appropriation was for light industry even though at that time all but the frontage on Route 119 was zoned Residence "A". Claimant's evidence was that even considering the irregular shape of the property and the fact that two utility easements prevented placing a building on a portion thereof a 100,000 square foot factory could have been placed on the parcel prior to appropriation but after the taking the size of the building that could be placed in the remaining southerly

portion would be so small as to make it economically infeasible. Despite the fact that this tract was purchased only five months previously for $25,000, claimant's real estate expert testified that its *before* value was $220,000 and its *after* value was $20,000. The State's expert testified that its *before* value was $77,500 and its *after* value was $34,500, or total damages exclusive of the easements of $43,000.

On this appeal the State contends that the perpetual easement taken in 1940 by the State on a narrow strip of land on the southerly edge of the parcel adjacent to the northerly edge of Route 119, "for highway purposes for constructing, reconstructing and maintaining thereon a highway and slopes in connection with the proposed grade crossing elimination" might completely bar access to the parcel if the work was ever done, citing *Spinner* v. *State of New York* (4 A D 2d 987) and *Morton* v. *State of New York* (8 A D 2d 49, appeal dismissed 6 N Y 2d 993, motions for leave to appeal denied 9 A D 2d 601, 7 N Y 2d 708), and that since claimant's expert as well as the State's expert gave their testimony on the basis of a right of access, the judgment should be reversed and case remitted for additional testimony as to value based on lack of access. The court below has held that the easement referred to did not bar access. On the record we agree. *Morton* and *Spinner* (*supra*) are distinguishable factually from the present case. (Cf. *Dormann* v. *State of New York,* 4 A D 2d 979.)

After considering all of the testimony and giving it such effect as the record warrants relating to damage, we come to the conclusion that the award of $88,250 is excessive and should be reduced to $43,000.

The judgment should be modified on the law and the facts by reducing the amount thereof to $43,000 less the partial payment of $12,000, with appropriate interest and as so modified, affirmed, without costs.

Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

Judgment modified, on the law and the facts, by reducing the amount thereof to $43,000 less the partial payment of $12,000 with appropriate interest and as so modified, affirmed, without costs.